NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIC A. KLEIN, | Civil No. 09-1885 (DMC) |
| Petitioner, | |
| v. | **OPINION** |
| CHRISTINA BOURQUE, et al., | |
| Respondents. | |

**APPEARANCES:**

    ERIC A. KLEIN, Petitioner pro se
    #57121-054
    Toler House
    18-20 Toler Place
    Newark, New Jersey 07114

**CAVANAUGH, District Judge**

    Petitioner, Eric A. Klein ("Klein"), is a federally convicted prisoner confined at a federal halfway house, Toler House, in Newark, New Jersey, at the time he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for filing. In his petition, Klein complains about the conditions of his confinement, and a policy at Toler House which takes away the good time credits of a resident who is not employed outside the facility. The named respondents include Christina Bourque, the Program Director at Toler House, and Toler House itself.

For the reasons set forth below, this Court will dismiss the federal habeas petition without prejudice.

## I. BACKGROUND

On July 8, 2005, Klein was convicted after trial on two counts of wire fraud and one count of conspiracy to commit wire fraud in the United States District Court for the Southern District of New York. He was sentenced on October 26, 2005, to 51 months in federal prison, with three years of supervised release. Klein also was ordered to make restitution in the amount of $819,779.00. On November 4, 2005, Klein appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. The Second Circuit affirmed Klein's conviction and sentence on October 15, 2008. United States v. Klein, 297 Fed. Appx. 19 (2d Cir. Oct. 15, 2008). Klein petitioned for a writ of certiorari to the United States Supreme Court, which was denied on May 26, 2009. Klein v. United States, 129 S.Ct. 2446 (May 26, 2009).

On or about April 21, 2009, Klein submitted the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this District Court because at the time of submission, he was confined at the federal halfway house, Toler House, in Newark, New Jersey. In his petition, Klein asserts four grounds for relief.

In Ground One, Klein complains that Toler House enforces a policy that relinquishes a resident's good time credit earned if the resident does not have a full-time job outside of Toler House. Specifically, Klein alleges that Toler House personnel write "disciplinary reports" every 15 days accusing the resident of violating a Bureau of Prisons ("BOP") Program Statement requiring residents to have full time employment. The BOP Program Statement states that punishment for non-compliance is the potential loss of good time credit, but the Toler House imposes the loss as a form of "discipline." (Petition at ¶ 10(a)). Klein does not actually allege that he has lost good time credit. His actual or projected release date is listed on the Federal BOP's Inmate Locator Web page as July 30, 2009.

In Ground Two of his petition, Klein alleges that the Toler House has restricted his access to the law library, a word processor, and the federal court. In particular, Klein alleges that he was denied access to a word processor from February 3, 2009 to March 6, 2009, and from March 9, 2009 onward, Klein was given inadequate access to a word processor. He states that he was permitted to use the word processing equipment for three hours each week. He also complains that he was not allowed to hand deliver his papers in federal court from March 2, 2009 through March 19, 2009. Apparently, Klein can mail his papers to court, but prefers to hand deliver them like "professional law

3

firms." (Petition at ¶ 10(b) and Affirmation in Support of Petition at ¶¶ 5, 6). Klein also admits that, because Toler House does not have an on-site law library, he has been given passes to go to the Rutgers' Law Library in Newark, New Jersey for three hours on Sunday. (Affirmation at ¶4).

Next, in Ground Three, Klein alleges that he has been given inadequate medical care. He states that he has back pain, headaches and eye irritation, as well as a discolored mark on his face. Klein claims that cancer runs in his family so he should have a biopsy of the discoloration. Toler House gave Klein the number of a local clinic, but the clinic only had an appointment available two months away. (Petition at ¶ 10(c)).

Finally, in Ground Four of the petition, Klein asserts a general conditions of confinement claim, alleging that there is poor ventilation at Toler House, and consequently, fumes from bleach and chemical disinfectants cause eye irritations. He also complains that many residents think there is the smell of a gas leak.

On April 24, 2009, May 29, 2009 and June 15, 2009, Klein filed updated affirmations of alleged facts in this case. Klein alleges that Toler House would not give him access to the law library on April 19, 2009 and April 26, 2009. Further, in April 2009, Klein was given access to the word processor on only two occasions. In June 2009, Klein was given a four-hour pass to go

4

to the Rutgers' Law Library on June 12, 2009 after the Honorable Leonard B. Sand, U.S.D.J. for the Southern District of New York issued an Order on June 4, 2009 permitting Klein access to a law library "subject to such restrictions as Toler House may reasonably impose." (See Docket entry no. 4, Affirmation Updating Facts at ¶¶ 1-2). Klein also states that another resident at Toler House identified three chemicals used for maintenance that apparently cause eye irritation. (Id., at ¶ 8). Finally, Klein refers to other residents who suffered loss of good time credits for not having full-time employment, but does not allege any specific instance of his own loss of good time credit. It appears that he is disputing the policy and not any actual loss of good time credit. (See Docket entry no. 3 at ¶¶ 3-4).

Klein seeks an Order to Show Cause with respect to his claims concerning his inadequate access to a law library and word processing equipment.

## II. ANALYSIS

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Klein is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions. 411 U.S. at 499-500. The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement. Royce, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative." Id. A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered." Id.

Here, Klein is essentially challenging the conditions of his confinement concerning inadequate access to the courts,

6

inadequate medical care, and a general conditions of confinement claim concerning the lack of ventilation at Toler House that causes eye irritation. His only claim that may affect the duration of his sentence, concerning a policy of loss of good time credit for failure to have a full-time job outside of the Toler House, would be a cognizable § 2241 claim, if Klein alleged any actual loss of good time credit, which he does not. Klein does not challenge his projected release date, which is currently July 30, 2009. Accordingly, he has not alleged any cognizable § 2241 claim at this time.

Thus, in essence, Klein is attacking the conditions under which he is confined, not the ultimate duration of his confinement. See Wright v. Cuyler, 624 F.2d 455, 458 (3d Cir. 1980)(held that gaining admission to a home furlough program was a condition of confinement which can only be challenged by way of civil rights action under § 1983); see also Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir. 1981)(held that a claim respecting eligibility for work release program sounds in § 1983, not in habeas corpus).

Therefore, where the habeas relief Klein allegedly seeks would not serve to diminish the length of his incarceration, but instead, directly affects the conditions of his confinement, the present action can be brought only as a civil rights action under

7

Bivens,[1] not a habeas corpus action under § 2241. Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider petitioner's habeas application. Pursuant to the rule announced in Royce, however, the Court will sever the conditions of confinement, denial of medical care, and denial of access to the courts claims and direct the Clerk of the Court to docket the matter as a separate civil rights action under Bivens. If petitioner seeks to proceed with a separate civil complaint under Bivens, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis.*

Finally, with respect to Klein's request for an Order to Show Cause (1) compelling Toler House to permit access to the law library, word processing and the federal court house in Manhattan, and (2) enjoining Toler House from enforcing a policy of reducing good time credits for lack of employment, this Court finds no basis for immediate relief. As set forth above, Klein has not alleged that Toler House has reduced his good time credits or affected his projected release date in any way. Indeed, Klein has not demonstrated that the alleged policy has been applied to him at all.

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Moreover, Klein has been afforded access to the law library and word processing, but not to the extent he would like. He also may mail any of his papers and documents to the courts. In fact, this Court notes that Klein has submitted several pleadings to this Court without problems. Thus, Klein has not shown any interference with his access to the courts that has prevented him from asserting his claims in a timely manner. Accordingly, his request for injunctive relief by an Order to Show Cause is denied.

## CONCLUSION

Based on the foregoing, the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed without prejudice for lack of subject matter jurisdiction at this time. The present docket will be closed, and a new docket will be opened for further proceedings with respect to the civil rights claim under <u>Bivens</u>, namely, the conditions of confinement, denial of medical care, and denial of access to the courts claims asserted by Klein. An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH
United States District Judge

Dated: 7/27/05